UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20661-CR-HUCK

UNITED STATES OF AMERICA

vs.

BRUCE MARTINEZ,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Bruce MARTINEZ (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 5 of the Indictment (hereinafter referred to as the "Indictment"). Count 1 charges the defendant with knowingly and intentionally conspiring to possess with the intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846, 841 (a)(l), and 841 (b)(l)(A)(ii). Count 5 charges the defendant with carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, and possessing a firearm in furtherance of a crime of violence and a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(l)(A), (c)(1)(B)(i), and 2.

2. The United States agrees to seek dismissal of Counts 2, 3, 4, and 6 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the

Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that for Count 1, the court shall impose a statutory minimum term of imprisonment of ten (10) years, and may impose a statutory maximum term of imprisonment of up to life imprisonment, followed by a minimum term of supervised release of five (5) years. For Count 5, the court shall impose a statutory minimum term of imprisonment of ten (10) years, and may impose a statutory maximum term of imprisonment of up to life imprisonment, followed by a term of supervised release of up to five (5) years. The terms of imprisonment imposed as to Counts 1 and 5 must run consecutively. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 as to Count 5, and up to $4,000,000 as to Count 1. The court may also order restitution.

5.    The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant as to each of Counts 1 and 5.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.    The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Office will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the Court to allocate their resources efficiently.  The Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the

3

relevant offense conduct; (2) is found to have misrepresented facts to this Office prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

      a.    Quantity of Narcotics: That the quantity of cocaine involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is at least 5 kilograms but less than 15 kilograms;

      b.    Firearms: That the offense involved three firearms, one of which was a short-barreled shotgun as defined by Title 18, United States Code, Section 924(c)(1)(B)(i);

      c.    Variance: That if the Court determines that the defendant qualifies as a Career Offender pursuant to Section 4B1.1 of the Sentencing Guidelines, the parties will jointly recommend that the Court grant a downward variance resulting in a total sentence of 240 months' imprisonment as to Counts 1 and 5.

9. The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, and/or their substitutes which are subject to forfeiture pursuant to 18 U.S.C. §§ 924(d)(l) and 981(a)(I)(c) as incorporated by 28 U.S.C. § 2461 and 21 U.S.C. § 853, including but not limited to:

(a)   one H & R, Model 490, 20 gauge shotgun having a barrel of less than 18 inches in length;

(b)   five Winchester, 20 gauge cartridges;

(c)   one Colt, Model Series 90, .45 caliber semi-automatic handgun;

(d)   eight Winchester, .45 caliber ammunition rounds;

(e)   one Taurus, Model 85, .38 caliber revolver; and

(f)   eleven Remington, .38 caliber ammunition rounds.

As a result of the offenses alleged in Count 5 of the Indictment, the defendant agrees that the property, real or personal, constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1951(a) is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(I)(c) as incorporated by 28 U.S.C. § 2461 (c); and the procedures set forth at 21 U.S.C. § 853. As a result of the offenses alleged in Count 1, the defendant agrees that any and all property is property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of unlawful drug activity or was used or intended to be used, in any manner or part, to commit or to facilitate the commission of unlawful drug activity, in violation of 21 U.S.C. § 841 and is subject to forfeiture pursuant to 21 U.S.C. § 853. The defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets. The defendant agrees to waive any appeal for the forfeiture.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the guideline range that the court establishes at sentencing, or is an illegal sentence. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The

defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: _10/27/10_     By: _____
ERIC A. HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

Date: _10/27/10_     By: _____
EDWARD ODONNELL, ESQ.
ATTORNEY FOR DEFENDANT

Date: _10/27/10_     By: _____
BRUCE MARTINEZ
DEFENDANT