# United States District Court

## Southern District of Florida

MIAMI DIVISION

**UNITED STATES OF AMERICA**

**v.**

**BRUCE MARTINEZ**

**JUDGMENT IN A CRIMINAL CASE**

**Case Number - 1:10-20661-CR-HUCK-4**

USM Number: 83998-004

Counsel For Defendant: Edward O'Donnell, Esq.
Counsel For The United States: Eric Hernandez, AUSA
Court Reporter: Patricia Sanders

The defendant pleaded guilty to Counts One and Five of the Indictment.
The defendant is adjudicated guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute five kilograms or more of cocaine | August 19, 2010 | 1 |
| 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(I) | Carrying a short barreled shotgun during and in relation to a drug trafficking crime/crime of violence | August 19, 2010 | 5 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Any remaining Counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
1/5/2011

PAUL C. HUCK
United States District Judge

January 6, 2011

DEFENDANT: BRUCE MARTINEZ
CASE NUMBER: 1:10-20661-CR-HUCK-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **240 months.** The term consist of 120 months as to Count One of the Indictment, and 120 months as to Count 5 of the Indictment to run consecutively to the term imposed as to Count 1.

The Court makes the following recommendations to the Bureau of Prisons:

> The Defendant shall be housed in a facility as close to South Florida as determined appropriate and available by the Federal Bureau of Prisons. While incarcerated, the Defendant shall participate in the Substance Abuse Program and Anger Control/Domestic Violence Program if determined eligible and available by the Federal Bureau of Prisons.

The Court Orders the removal of any separation orders of co-defendants and Bruce Martinez.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

________________________________________

Defendant delivered on ________________ to ____________________

at ____________________________, with a certified copy of this judgment.

________________________
UNITED STATES MARSHAL

By: ______________________
Deputy U.S. Marshal

DEFENDANT: BRUCE MARTINEZ
CASE NUMBER: 1:10-20661-CR-HUCK-4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** as to Counts 1 and 5 of the Indictment to run Concurrently..

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BRUCE MARTINEZ
CASE NUMBER: 1:10-20661-CR-HUCK-4

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Home Detention** - The defendant shall participate in the Home Detention Program for a period of **1 year (the 1st 12 months on Supervised Release)**. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation.

**While participating in the Home Detention Program during the 1st 12 months of Supervision, the Defendant shall perform Community Service hours as follows:** If the Defendant is employed full time, the defendant shall perform **400 hours** of community service per year of supervision as monitored by the U.S. Probation Officer. If the Defendant is unemployed, the Defendant shall perform **1,400 hours** of community service per year of supervision as monitored by the U.S. Probation Officer. If the Defendant is employed part-time, the Defendant shall perform an appropriate pro rata number of hours of community service as determined and monitored by the U.S. Probation Officer. The Defendant may apply for a early termination of home confinement after 6 months, if in full compliance, and if he obtains a GED or equivalent skilled certification. All community service hours shall be performed on an annual basis (i.e. no carry over).

**The remaining 4 years of Supervision, the Defendant shall perform Community Service hours as follows:** If the Defendant is employed full time, the defendant shall perform **200 hours** of community service per year of supervision as monitored by the U.S. Probation Officer. If the Defendant is unemployed, the Defendant shall perform **800 hours** of community service per year of supervision as monitored by the U.S. Probation Officer. If the Defendant is employed part-time, the Defendant shall perform an appropriate pro rata number of hours of community service as determined and monitored by the U.S. Probation Officer. All community service hours shall be performed on an annual basis (i.e. no carry over).

**Anger Control/Domestic Violence Treatment** - The defendant shall participate in an approved treatment program for anger control/domestic violence. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

**Permissible Search** - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: BRUCE MARTINEZ
CASE NUMBER: 1:10-20661-CR-HUCK-4

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$200.00** | **$** | **$** |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRUCE MARTINEZ
CASE NUMBER: 1:10-20661-CR-HUCK-4

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. Lump sum payment of **$200.00** due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/ is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 NORTH MIAMI AVENUE, ROOM 8N09
MIAMI, FLORIDA 33128-7716**

**The assessment/ is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement of forfeiture. The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.